2026 IL App (1st) 242438-U

No. 1-24-2438

Order filed August 4, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 C3 30021 |
| | ) | |
| RICHARD LAWSON, | ) | Honorable |
| | ) | Eric Sauceda, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices Ellis and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We reverse defendant's sentence for misdemeanor criminal trespass to a residence and remand for resentencing where trial counsel was ineffective for not preserving a challenge to the trial court's consideration of an improper factor at sentencing.

¶ 2    Following a bench trial, defendant Richard Lawson was found guilty of misdemeanor criminal trespass to a residence and sentenced to 12 months of conditional discharge, 5 days of the Sheriff's Work Alternative Program (SWAP), and a $500 fine. Defendant was also ordered to stay away from the residence in question and the complaining witness. On appeal, defendant contends

that the trial court abused its discretion by imposing conditional discharge because the court relied on an improper aggravating factor, namely, an unsupported and contested representation by the State that defendant had a prior felony conviction. For the following reasons, we reverse defendant's sentence and remand for resentencing.

¶ 3    After an incident on May 1, 2023, defendant was charged by information with criminal trespass to a residence, alleging that he, without authority, knowingly entered a residence (count II, a Class A misdemeanor), and knew or had reason to know that one or more persons were present (count I, a Class 4 felony). 720 ILCS 5/19-4(a)(1), (a)(2) (West 2022). We recount the facts to the extent necessary to resolve the issue raised on appeal.

¶ 4    At trial, Andrea Perschon testified that she lived with her daughter at a home on the 1200 block of Aspen Lane in Elk Grove Village. On May 1, 2023, at approximately 7 a.m., Perschon was sleeping in her bedroom. She heard "banging" on the front door and walked to the door. No one was present, but she saw a vehicle in her driveway. As Perschon walked back to her bedroom, she heard someone enter through the back door and then saw a person standing in the kitchen. In court, Perschon identified defendant as that person. Perschon had never seen defendant prior to May 1, 2023, and did not give him permission to enter. Defendant began to "yell" for his mail. Perschon screamed at defendant to "get out of [her] house," and defendant screamed back that it was his house and for Perschon to get out. The two exchanged words until defendant left through the back door. Defendant returned to the front door and again asked Perschon for his mail before leaving.

¶ 5    Perschon further testified that she had previously received mail addressed to defendant, an individual named Collin Lawson, and a woman. She brought the mail to the post office or left it in

the mailbox for the mailman to retrieve. Perschon had completed paperwork for defendant's mail to no longer be delivered to her home. She did not recall if she had any of defendant's mail on May 1, 2023.

¶ 6     On cross-examination, Perschon stated that she did not see defendant with a weapon and he did not approach her. On the day of the incident, she told an officer that she did not want to press charges but wanted the officer to tell defendant to not enter her house.

¶ 7     Ryan Miller, an investigator for the Elk Grove Police Department, testified that he spoke with defendant on May 17, 2023. Defendant told Miller that on May 1, 2023, he went to the house to retrieve mail that he believed was there. Defendant parked in the driveway and knocked on the door. When no one answered, he proceeded towards the garage where he observed a vehicle. Defendant believed that someone was home, so he proceeded to the back of the residence. The back door to the kitchen was unlocked, so he opened the door, "poked" his head inside, and yelled to see if anyone was home. Perschon directed him to the front of the house. Defendant and Perschon conversed and Perschon told him that she did not have his mail. Defendant then left.

¶ 8     The trial court found defendant guilty of misdemeanor criminal trespass to a residence but not guilty of the felony charge, noting the State did not prove that defendant "knew there were persons in the house[.]" Defendant's motion for a new trial was denied.

¶ 9     At sentencing, defense counsel requested a period of supervision, arguing that defendant was 53 years old, had two adult children, achieved his high school diploma, attended a semester of college, and was a certified electrician who supported himself on a "link card." Counsel noted the incident was nonviolent with no weapons involved. Counsel maintained that defendant did not

exhibit criminal intent as he entered the house to retrieve his mail and, when Perschon told him to leave, he complied.

¶ 10     The State requested two years' probation and "a period of SWAP," positing that under the sentencing statute, defendant was not eligible for supervision. In doing so, the State asserted that defendant had a Class 3 felony conviction for unlawful use of a weapon in 1990 for which he received two years in prison.

¶ 11     Defense counsel disputed the 1990 conviction and informed the court that he had asked the State to provide a "photograph of the arrest" for the case. Counsel maintained that defendant did not have an arrest for the alleged 1990 charge "nor was he adjudicated for that charge in any way." The State responded that "due to the age of" the 1990 conviction, the State did not have a booking photo. The State explained that defendant was fingerprinted when he was arrested for the instant case and his fingerprints "match up to this arrest from 1990 that was a conviction for a Class 3 unlawful use of a weapon." According to the State, defendant did not have any misdemeanors between 1990 and the present case.

¶ 12     The trial court imposed 12 months of conditional discharge after finding that supervision was not appropriate and that "defendant is a convicted felon." The court ordered that defendant have no contact with the address in question or Perschon, and complete five days of SWAP. The court also imposed a $500 fine. The court explained that it did not incarcerate defendant because "it looks like you have done some good things in your life, and you made a bad decision here." The court noted that it would not place him on probation and, instead, ordered him to report to the social services department.

¶ 13    Defense counsel filed a motion to reconsider sentence, arguing that defendant's sentence was excessive given his lack of criminal history and the nature of the offense. Counsel noted that the State represented that defendant's last criminal conviction dates to 1990 and since then he maintained gainful employment. Counsel also argued that the court improperly considered in aggravation matters implicit in the offense.

¶ 14    The court denied the motion, stating that defendant entered Perschon's home "without authority" and had a felony conviction "albeit old." The court also noted that it had not "received any information indicating that there was a commutation of sentence, a pardon, an expungement of any kind."

¶ 15    On appeal, defendant argues that the trial court abused its discretion in imposing conditional discharge where the sentence was based solely on an "unsupported and contested representation" from the State that he had a prior felony conviction. Defendant requests that this court reduce his sentence to supervision or remand for a new sentencing hearing at which a potential sentence of supervision may be properly considered.

¶ 16    Defendant maintains the issue was properly preserved for review, but argues that, if this court finds the issue forfeited, trial counsel was ineffective for failing to properly preserve the issue in the motion to reconsider. Alternatively, defendant asserts we may review the issue under the plain error doctrine.

¶ 17    Here, defendant's motion to reconsider sentence did not argue that the court improperly considered the 1990 felony conviction. Rather, defendant claimed his sentence was excessive given the State's representation that defendant's last criminal conviction dates to 1990. Counsel also noted that defendant maintained gainful employment, and also argued that the court

improperly considered matters implicit in the offense. Accordingly, defendant did not preserve the issue for appeal. See *People v. Enoch*, 122 Ill. 2d 176, 186 (in order to preserve an issue for appeal, defendant must object and raise the issue in a posttrial motion).

¶ 18    That said, we turn to defendant's claim that his trial counsel was ineffective for failing to properly preserve the issue for appeal.

¶ 19    We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Jones*, 2023 IL 127810, ¶ 51. Defendant must show that counsel's performance was objectively unreasonable, and that there is a reasonable probability that the outcome of the proceeding would have been different if not for counsel's error. *People v. Veach*, 2017 IL 120649, ¶ 30. The failure to satisfy either prong defeats a claim that counsel was ineffective. *People v. Enis*, 194 Ill. 2d 361, 377 (2000).

¶ 20    At sentencing, the State presented no evidence to support its assertion that defendant's fingerprints matched records from a 1990 conviction or that defendant had been convicted of a Class 3 felony. Counsel's failure to preserve this issue in the motion to reconsider was objectively unreasonable.

¶ 21    Our supreme court's decision in *People v. Hayes*, 55 Ill. 2d 78 (1973), is instructive. There, during sentencing, the State posited, with reference to an unspecified document, that the defendant had prior convictions for the sale of heroin and other offenses. *Id.* 83. Defense counsel denied that the defendant had such convictions and argued there was no proof thereof, as the defense "objected to the reading from some unidentified hearsay document." *Id*. The trial court stated that it would consider the alleged convictions. *Id.* The supreme court concluded this was error, explaining that, "[a]s the record stands *** we find no evidence of a prior narcotics conviction." *Id*. at 84.

¶ 22    Here, as in *Hayes*, the State asserted that defendant had a prior felony conviction based on records that were not before the trial court. Also as in *Hayes*, defense counsel denied that defendant had a prior felony conviction. Given this record, the trial court's reliance on the State's unsupported assertion was improper and defense counsel's failure to preserve the issue constitutes deficient performance.

¶ 23    We also find that defendant was prejudiced. To establish prejudice, defendant must show only a "reasonable probability" that the trial judge would have imposed a lesser sentence had counsel not erred. *People v. Steidl*, 177 Ill. 2d 239, 257 (1997). Here, the court imposed sentence after finding that supervision was not appropriate and stating, "defendant is a convicted felon." The court did not expressly rely on any other aggravation. During the hearing on defendant's motion to reconsider, the trial court denied the motion based in part on the observation that defendant entered Perschon's home "without authority" and had a felony conviction. But for relying on the alleged felony conviction, the court may have imposed a lesser sentence such as supervision or a reduced fine. See 730 ILCS 5/5-6-1(c) (West 2022) (prohibiting supervision for certain Class A misdemeanors, but not criminal trespass to a residence); see also 730 ILCS 5/5-4.5-5.5 (West 2022) ("Unless otherwise specified by law, the minimum fine is $75 [for a Class A misdemeanor].")

¶ 24    In sum, defense counsel erred when he did not preserve the issue of whether the trial court relied on an unsupported and contested representation by the State that defendant had a prior felony conviction. Prejudice resulted, as there is a reasonable probability that defendant would have received a lower sentence. Defendant therefore has established that counsel was ineffective in this regard.

¶ 25     For the reasons stated, we reverse defendant's sentence and remand for a new sentencing hearing.

¶ 26     Reversed and remanded.